### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

BYRON WENDELL PHILLIPS,

     Plaintiff,

               v.

ERIC LEVETT, *et al.*,

     Defendants.

Civil Action No.
1:21-cv-00507-SDG

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant Alisha Johnson's motion to dismiss [ECF 11]; Defendants Nancy Bills; Travis Blevins; Keith Brock; Patricia Carreker; Eric Levett; Jamaal Roche; and the County of Rockdale, Georgia's (collectively, the Rockdale Defendants) first and amended motions to dismiss [ECF 13 and ECF 14]; and Plaintiff Byron Wendell Phillips's motion for Clerk's entry of default [ECF 25]. After careful review of the parties' briefing, the Court **GRANTS** Johnson's motion to dismiss and the Rockdale Defendants' amended motion to dismiss; **DENIES AS MOOT** the Rockdale Defendants' first motion to dismiss; and **DENIES** Phillips's motion for entry of default.

## I.     BACKGROUND

Phillips is once again before this Court bemoaning the legal requirements to own and operate a motor vehicle in the State of Georgia.[1] Phillips, proceeding *pro se*, has filed suit against Defendants for allegedly conspiring to violate his rights to speak and move freely,[2] but dedicates much of his First Amended Complaint and his briefing to explain why he is supposedly not required to have a license to operate his vehicle for personal use.[3] As before, the Court will not expend time and resources educating Phillips about the State of Georgia's authority to regulate the use of motor vehicles, but instead will focus its analysis on the plausibility of his underlying claims.

On February 6, 2019, Phillips was driving a co-worker home when he was pulled over by Roche, a Deputy Sheriff of Rockdale County.[4] Phillips refused to

---

[1]   The Court previously dismissed a complaint filed by Phillips in which he challenged the authority of the State of Georgia to require him to register his motor vehicle. *Phillips v. Life Prop. Mgmt. Servs., LLC*, No. 1:20-CV-00812-SDG, 2021 WL 1118020, at *1 (N.D. Ga. Mar. 23, 2021), *aff'd*, No. 21-11350, 2021 WL 5444921 (11th Cir. Nov. 22, 2021).

[2]   *See generally* ECF 6 (First Am. Compl.).

[3]   ECF 17-1, at 9–20; ECF 18-1, at 16–22; ECF 19-1, at 7–20; ECF 20-1, at 18–21.

[4]   ECF 6, ¶ 4.1. On a motion to dismiss, the Court accepts well-pled allegations as true and construes factual inferences from those allegations in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999).

give Roche his full name or to exit his vehicle, informing Roche that he did not think it was a "good idea" for him to exit the vehicle.[5] Roche attempted to remove Phillips from the vehicle and, after Deputy Sheriffs Brock and Blevins arrived on the scene, Phillips voluntarily exited the vehicle.[6] Brock handcuffed Phillips, patted him down, and searched through his wallet after taking it out of his pocket.[7]

Phillips was arrested for failing to stop at a stop sign, for obstruction, and for driving without a license,[8] but was not read his *Miranda* rights.[9] Phillips was released on bond two days later.[10] Phillips contacted Rockdale County's Magistrate Clerk of Court's office but was unable to obtain information about his case,[11] likely because his case was pending in Rockdale County State Court, not Rockdale County Magistrate Court.[12] After several court appearances in front of

---

[5]   ECF 6, ¶¶ 4.1–4.2.

[6]   *Id.* ¶ 4.2.

[7]   *Id.* ¶ 4.3.

[8]   *Id.* ¶¶ 4.3–4.5.

[9]   *Id.* ¶ 4.4.

[10]   *Id.*

[11]   *Id.* ¶¶ 4.6–4.7.

[12]   *Id.* at 49.

then-State Court Judge Bills, Phillips's case was *nolle prossed* because Roche did not show up to testify.[13]

Phillips filed suit against Roche, Brock, Blevins, and Judge Bills, as well as Levett, the Sheriff of Rockdale County; Carreker, the Magistrate Clerk of Court for Rockdale County; Johnson, the District Attorney; and Rockdale County itself, seeking millions of dollars in damages.[14] Phillips filed an Amended Complaint on March 5, 2021.[15] Johnson moves to dismiss, arguing that she is entitled to prosecutorial immunity and that Phillips has failed to state a claim.[16] The Rockdale Defendants also move to dismiss, arguing that Judge Bills is entitled to judicial immunity, that Carreker is entitled to quasi-judicial immunity, that each individual defendant is entitled to qualified immunity and official immunity, and

---

[13]   *Id.* ¶¶ 4.13–4.17.

[14]   ECF 1.

[15]   ECF 6.

[16]   ECF 11.

that Phillips has failed to state a claim.[17] Phillips filed responses to both motions to dismiss,[18] and Johnson filed a reply in support of her motion.[19]

On July 23, 2021, Phillips filed a 139-page "Notice of Constitutional Question of State Statutes," in which he challenges the constitutionality of Georgia laws that permit officers to stop and search people driving motor vehicles, as well as the laws and regulations that require a person to register a motor vehicle for personal use and to have a license to drive it.[20] Phillips mailed a copy of this filing to Georgia Attorney General Christopher Carr.[21] On October 15, 2021, Phillips moved for Clerk's entry of default against Carr for failing to respond to the

---

[17]   ECF 13. As amended, ECF 14.

[18]   ECF 17; ECF 19 (Phillips's Resp. in Opp. to Johnson's Mot.); ECF 18; ECF 20 (Phillips's Resp. in Opp. to Rockdale Defs.' Mot.). Johnson argues that the Court should disregard Phillips's response because it is untimely. Phillips is proceeding *pro se* and mailed his filings to the Clerk's Office, so the Court declines to penalize him for filing his responses on the docket two business-days late.

[19]   ECF 21.

[20]   ECF 27.

[21]   ECF 24.

Constitutional Questions, even though Carr is not a party to this action.[22] Carr

responded in opposition to the motion for entry of default,[23] and Phillips replied.[24]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a

"short and plain statement of the claim showing that the pleader is entitled to

relief." While this standard does not require "detailed factual allegations," the

Supreme Court has held that "labels and conclusions" or "a formulaic recitation

of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To

withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d

1283, at 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

A complaint is facially plausible when a plaintiff pleads sufficient factual

content for the court to draw the reasonable inference that the defendant is liable

for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility

---

[22]   ECF 25.

[23]   ECF 26.

[24]   ECF 27; ECF 28.

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). The Court is not bound, however, to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79.

The Court recognizes that Phillips is appearing *pro se*. Thus, it must construe the First Amended Complaint leniently, and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998). The leniency afforded does not permit the Court "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc.*

*v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III.   DISCUSSION

Construing Phillips's First Amended Complaint leniently, he has brought claims against Defendants under 42 U.S.C. § 1983 for violating his constitutional rights by wrongfully arresting and prosecuting him.[25] Specifically, Phillips alleges that Roche, Brock, and Blevins violated his constitutional rights by stopping him without probable cause and searching his person and his wallet without a warrant,[26] and that Levett, Judge Bills, and Johnson conspired with Roche, Brock, and Blevins to further deprive him of his rights.[27] Phillips also alleges that Carreker violated his rights by failing to provide him accurate information about his case and that Rockdale County is responsible for Carreker's conduct.[28] Each individual Defendant argues that they are entitled to immunity from Phillips's claims,[29] and Rockdale County argues that Phillips has failed to state a claim against it.[30]

---

[25]   *See generally* ECF 6.

[26]   *Id.* ¶¶ 4.4–4.5.

[27]   *Id.* at 17–32.

[28]   *Id.* ¶¶ 11–13.

[29]   ECF 11-1; ECF 14-1, at 4–9.

[30]   ECF 14-1, at 9–10.

### A.   The Individual Defendants Are Entitled to Immunity.

#### 1.   Prosecutorial Immunity

District Attorney Johnson argues that she is entitled to prosecutorial immunity because Phillips's claims against her, to the extent they are cognizable, arise from the performance of her prosecutorial duties.[31] Phillips responds that Johnson was not acting within the scope of her prosecutorial duties because she allegedly violated those duties in wrongfully prosecuting him.[32]

"[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). This prosecutorial immunity extends to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial" including "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury." *Id.* at 272–73.

---

[31]   ECF 11-1, at 5–6.

[32]   ECF 19-1, at 21.

Phillips claims that Johnson participated in a conspiracy to deprive him of his rights by falsely accusing him and pursuing a criminal case against him.[33] Johnson's decision to charge Phillips and any acts undertaken in preparing the case against him were squarely within Johnson's role as an advocate for the State and, therefore, she is entitled to absolute immunity. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (prosecutors are entitled to absolute immunity when they "fil[e] an information without investigation" or "fil[e] charges without jurisdiction").

Despite Phillips's strong protestations otherwise, whether Johnson violated some prosecutorial duty is irrelevant to whether she is entitled to absolute immunity. "As [the Eleventh Circuit] repeatedly [has] stated, the determination of absolute prosecutorial immunity depends on the nature of the function performed, not whether the prosecutor performed that function incorrectly or even with dishonesty." *Id.* at 1298. Johnson is entitled to absolute prosecutorial immunity from Phillips's claims.

---

[33]   ECF 19-1, at 22.

### 2.   Judicial Immunity

Rockdale County Superior Court Judge Bills argues that she is entitled to judicial immunity because Phillips's claims against her relate entirely to actions taken within her judicial capacity when she served as a State Court Judge for Rockdale County.[34] Phillips argues that Judge Bills is being sued in her individual, not official, capacity and that she is not entitled to immunity because she allegedly violated her oath to uphold the Constitution.[35]

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

---

[34]   ECF 14-1, at 4–6.

[35]   ECF 20-1, at 24–25.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "[Judicial] immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239.

It is unclear from the First Amended Complaint what exactly Judge Bills purportedly did to participate in the alleged conspiracy. In his opposition brief, Phillips attempts to clarify that Judge Bills furthered the conspiracy "when she did not conduct the hearing scheduled for 1/7/2020" and dismissed the case.[36] As alleged in the First Amended Complaint, Phillips appeared at the courthouse on January 7, 2020, and was expecting to be heard about his case.[37] Instead, he was served with a "plea deal," which contained purportedly false allegations.[38]

If Judge Bills purposefully declined to hold a hearing as Phillips claims, doing so was in her judicial capacity and she is entitled to immunity. The other factual allegations involving Judge Bills relate to her statements to Phillips in open court about the validity of the claims against him. These too were done in her judicial capacity and, accordingly, Judge Bills is entitled to judicial immunity.

---

[36] ECF 20-1, at 23.

[37] ECF 6, ¶ 4.11.

[38] *Id.* ¶ 4.12.

### 3.    Qualified Immunity

Levett, Roche, Brock, Blevins, and Carreker assert that they are entitled to qualified immunity.[39] Phillips responds that qualified immunity is not a defense to liability,[40] and that each individual Defendant allegedly violated an oath and, therefore, none are entitled to qualified immunity.[41]

"Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for suit violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Gaines v. Wardynski*, 871 F.3d 1203, 1206 (11th Cir. 2017). This immunity "protects all but the plainly incompetent or those who knowingly violate federal law; it does not extend to one who knew or reasonably should have known that his or her actions would violate the plaintiff's federal rights." *Id.* at 1207.

### i.    Discretionary Functions

"To be entitled to qualified immunity, the defendant must first establish that he was acting within the scope of his discretionary authority." *Id.* at 1208. Courts

---

[39]   ECF 14-1, at 7–8.

[40]   ECF 20-1, at 6.

[41]   *Id.* at 10.

in the Eleventh Circuit do not distinguish between "discretionary functions" and "ministerial tasks" in determining whether an act was discretionary for qualified immunity purposes. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004) ("[A] governmental actor engaged in purely ministerial activities can nevertheless be performing a discretionary function") (citing *McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir. 1995)). "Instead of focusing on whether the acts in question involved the exercise of actual discretion, we assess whether they are of a type that fell within the employee's job responsibilities." *Id.*

Phillips does not dispute that, as alleged, the individual Defendants were acting within their discretionary authority, and they plainly were. Phillips claims that Levett is responsible for the actions of Roche, Brock, and Blevins, who allegedly collectively violated Phillips's constitutional rights at the traffic stop.[42] Phillips also alleges that Levett failed to respond to his letters about the stop.[43] Roche, Brock, and Blevins were performing deputy sheriff job functions when they stopped Phillips, and it is Levett's responsibility as Sheriff to oversee his deputies and respond to questions from the public. As for Carreker, as Magistrate Clerk of Court, it is within her job responsibilities to inform members of the public about

---

[42]   ECF 20-1, at 8–15.

[43]   ECF 6, ¶ 9.

court proceedings. Accordingly, the alleged acts of Levett, Roche, Brock, Blevins, and Carreker were all in the scope of their respective discretionary authority.

> ii.   **Violation of Clearly Established Constitutional Rights**

As Levett, Roche, Brock, Blevins, and Carreker have established that they were acting within the scope of their discretionary authorities, "the burden shifts to [Phillips] to establish that qualified immunity is not appropriate. To do that, [he] must demonstrate . . . (1) that the defendant violated [his] constitutional rights, and (2) that, at the time of the violation, those rights were 'clearly established in light of the specific context of the case, not as a broad general proposition.'" *Gaines*, 871 F.3d at 1208 (punctuation and citation omitted).

As alleged, after Phillips "stopped abruptly at a stop sign," Deputy Sheriff Roche pulled him over.[44] Phillips refused to give Roche his full name and initially refused to get out of his car, telling Roche that he did not think it was a "good idea" for him to do so.[45] After Phillips exited his car, Deputy Sheriff Brock handcuffed him and searched through his wallet.[46] Phillips admits that he did not

---

[44]   *Id.* ¶ 4.1.

[45]   *Id.* ¶¶ 4.1–4.2.

[46]   *Id.* ¶ 4.3.

have a valid driver's license, and he was arrested for driving without a license.[47]
Phillips sent letters to Sheriff Levett, who did not respond,[48] and could not get
accurate information about his case from Clerk of Magistrate Court Carreker.[49]

Phillips argues that Roche violated his right "to be free of travel
uninterrupted," because he had no proof that Phillips failed to stop at a stop sign
when he pulled him over.[50] The Court is unaware of a constitutional right to travel
uninterrupted, but, construing Phillips's claims leniently, the Court recognizes
that he has a right not to be stopped without an objective justification. *Bradley v.
Benton*, 10 F.4th 1232, 1239 (11th Cir. 2021) (describing the reasonable suspicion
necessary to conduct a traffic stop). There are no factual allegations regarding
Roche's justification for the stop apart from the fact that Phillips was charged for
failing to stop or yield at a stop sign.[51] Phillips only alleges that there was no proof
of the failure to stop. "Where a complaint pleads facts that are 'merely consistent
with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting

---

[47]   *Id.* ¶ 4.5.

[48]   *Id.* ¶ 9.

[49]   *Id.* ¶¶ 4.6–4.8.

[50]   ECF 20-1, at 11.

[51]   ECF 6, ¶ 4.5.

*Twombly*, 550 U.S. at 546). Phillips has failed to plausibly allege that Roche lacked an objective basis to conduct the traffic stop.

Next, Phillips argues that Brock violated his rights by patting him down and searching through his wallet without a warrant.[52] During a lawful traffic stop, police officers are permitted to order a driver out of his vehicle and, once outside the vehicle, the driver "may be patted down for weapons if the officer reasonably concludes that the driver 'might be armed and presently dangerous.'" *Arizona v. Johnson*, 555 U.S. 323, 331 (2009) (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 111–12 (1977)). As alleged, Phillips refused to provide basic information to Roche after the stop and when Roche asked him to exit the vehicle Phillips replied, "I don't think that's a good idea."[53] It was reasonable for the officers to believe that Phillips was armed and presently dangerous based on this interaction, and it was not a constitutional violation to order him out of the vehicle and to conduct a pat-down search. *Malcolm v. City of Miami Police*, 574 F. App'x 881, 884 (11th Cir. 2014) (officers reasonably suspected that the plaintiff posed a threat that warranted a pat-down search based on statements he made at the traffic stop and refusal to cooperate).

---

52   *Id.* ¶ 4.3; ECF 29-1, at 14–15.

53   ECF 6, ¶¶ 4.1–4.2.

Further, given Phillips's refusal to identify himself by his full name, Brock's seizure and search of Phillips's wallet was permitted because it is illegal under Georgia law to give a false name to a law enforcement officer. O.C.G.A. § 16-10-25. *See United States v. Carter*, 366 F. App'x 136, 139 (11th Cir. 2010) (search of a wallet found during a pat-down search was lawful where the defendant initially told officers he had no identification because, under Florida law, it is illegal to falsely identify oneself to law enforcement). None of Roche's, Brock's, or Blevins's alleged actions during the traffic stop violated Phillips's constitutional rights, and so they are entitled to qualified immunity. As is Sheriff Levett, to the extent he can be held responsible for Roche's, Brock's, or Blevins's actions.

With regard to the remaining allegations, Phillips has not shown that he has a clearly established constitutional right to have either a county sheriff or a magistrate clerk of court respond to his communications. Levett and Carreker are, therefore, entitled to qualified immunity.

### B.    Phillips Fails to State a Claim Against Rockdale County.

Phillips has alleged claims against Rockdale County for inadequate supervision over Clerk of Magistrate Court Carreker and for creating a policy or

custom of inaction.[54] "A plaintiff in a § 1983 action cannot rely on *respondeat superior* or vicarious liability theories to hold a county liable for the individual actions of its officers." *Guerra v. Rockdale Cnty., Ga.*, 420 F. Supp. 3d 1327, 1342 (N.D. Ga. 2019) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) and *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Rockdale County cannot be liable for Carreker's alleged constitutional violation merely because it is her employer. Moreover, though a supervisor can be held liable for promulgating an "official policy or custom," the policy or custom must result in the alleged deprivation. *Guerra*, 420 F. Supp. 3d at 1342. The Court has already found that Carreker did not deprive Phillips of any constitutional right. Phillips has failed to state a claim against Rockdale County.

### C.    Phillips Is Not Entitled to Entry of Default Against Georgia Attorney General Carr.

Phillips moves for a Clerk's entry of default against Georgia Attorney General Christopher Carr, who is not a party to this case, because Carr did not respond to his filing of constitutional questions.[55] Default cannot be entered against a non-party. Fed. R. Civ. P. 55(a) ("When ***a party against whom a judgment***

---

[54]   ECF 6, ¶¶ 11–13; ECF 20-1, at 7–8.

[55]   ECF 25.

*for affirmative relief is sought* has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.") (emphasis added). Carr is not a party to this action and Phillips is not seeking affirmative relief against him, and so the Court denies Phillips's motion for entry of default.

### D.   Phillips's Sovereign Principal Claims Fail.

Phillips takes issue with the Court's classification of his claims in another case as "sovereign citizen" legal theories and argues that, by doing so, the Court discriminated against him.[56] Phillips argues that a "sovereign citizen" is different from how he describes himself, which is a "sovereign principal," and that the latter applies to all of humanity.[57] The label used to describe the kind of claims asserted by Phillips is not important. What is important, and concerning, is that Phillips believes that he is not bound to follow the laws and regulations of the State of Georgia and that he roots this belief in vague principles of liberty.

Legal theories premised on individual (personal) sovereignty, employed to justify disregarding valid federal, state, or local law, "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767

---

[56]   ECF 19-1, at 23–25.

[57]   *Id.*

(7th Cir. 2011). The Court has nonetheless considered the plausibility of Phillips's claims, now for a second time, and rejects them.

## IV.    CONCLUSION

Johnson's motion to dismiss [ECF 11] and the Rockdale Defendants' amended motion to dismiss [ECF 14] are **GRANTED**. The Rockdale Defendants' first motion to dismiss [ECF 13] is **DENIED AS MOOT**. Phillips's motion for clerk's entry of default [ECF 25] is **DENIED**. Phillips's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 29th day of March, 2022.

Steven D. Grimberg
United States District Court Judge